UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| The State of South Carolina, ) | C/A No. 6:11-3365-HMH-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Stephen John Guidetti, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Stephen John Guidetti ("Defendant"), proceeding *pro se*, filed a Notice of Removal purporting to remove a case from the Magistrate Court (Chick Springs) in Greenville County, South Carolina, to this Court. Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915. This action should be summarily remanded to the state court.

Background

On December 12, 2011, Defendant filed a Notice of Removal which purports to remove Case No. 11-038768 from the Chick Springs Summary Court.[1] Notice of Removal 1, ECF No. 1. The state case apparently relates to three charges against Defendant: "traffic/operating or permitting to operation of a vehicle which is not registered and licensed - Warrant No. [78934FK]; traffic/driving without a license - 1st offense Warrant No. [78932FK]; traffic/uninsured motor vehicle fee violation - Warrant No. [78933FK]." *Id.* Defendant attached many documents to the Notice of Removal which this Court has reviewed. Several documents indicate that Defendant is being prosecuted for certain criminal charges in the Greenville County Magistrate Court at Chick Springs. *Id.* at 6-8.

---

[1] The record does not reveal whether the Plaintiff or the Chick Springs Magistrate Court have knowledge of this removal.

From the attachments, it is unclear whether a jury trial has been held or whether the charges are still pending. *Id.*

Defendant attempts to remove the state case pursuant to 28 U.S.C. §§ 1441-1453. Notice of Removal 1. He alleges that within the state proceedings, for example at the pre-trial hearing held on July 26, 2011, his United States Constitutional rights were violated. *Id.* at 2-5. Defendant also may be alleging claims pursuant to 42 U.S.C. § 1983, 1985, 1986, 1988, and other federal law violations including Federal Motor Carrier Safety Administration Violations. *Id.* at 2. Defendant alleges that the traffic stop on March 20, 2011, did not occur in Greenville County. *Id.* He further alleges that the traffic stop, his arrest, and his detention, violated the Fourth Amendment. *Id.* at 2-5. He alleges that he did not need a South Carolina Driver's License or a South Carolina registration or insurance because his private automobile was bought and used primarily for personal, family, and household purposes and not for commercial activity. *Id.* He further alleges that he did not have a "motor vehicle" and was not a "driver" or "operator" within the definitions found in federal law. *Id.* Defendant also asserts that certain law enforcement officers gave permission to Heatherly Brothers Auto Parts and Wrecker Service to take his automobile, thereby committing conversion and trespass. *Id.*

## Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such actions for relief and submit findings and recommendations to the District Court. Defendant filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the

2

District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, Defendant's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

A district court may *sua sponte* remand a case to state court based on lack of subject matter jurisdiction. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). This court does not have subject matter jurisdiction over a state criminal prosecution, except in certain narrow circumstances permitted by 28 U.S.C. §§ 1442, 1442a, and 1443. *See Gedo v. Idaho*, No. CV 09-00166-E-BLW, 2009 WL 2848850 (D. Idaho Aug. 28, 2009); *North Carolina v. Ledgester*, No. 4:11-MJ-1082, 2011 WL 2559792 (E.D.N.C. June 28, 2011). Defendant does not allege which statute applies to his case, and this Court believes that none are applicable. Where none of the federal removal statutes permit the removal of Defendant's state criminal proceeding, this Court may enter an order to summarily remand this action pursuant to 28 U.S.C. § 1446(c)(4). *See*

*Connecticut v. Parks*, Civil Action No. 3:09-R-1 (JCH), 2009 WL 3248654, *1 (D. Conn. Oct. 5, 2009); *Gedo*, 2009 WL 2848850 at *1.

To qualify to remove an action pursuant to 28 U.S.C. § 1442(a)(1), a defendant must establish several elements, including that he is an officer of the United States or a person acting under an officer of the United States. *See Bald Head Ass'n v. Curnin*, No. 7:09-CV173-F, 2010 WL 1904268, *3-5 (E.D.N.C. May 10, 2010), *dismissed in part and aff'd in part*, 429 F. App'x 360 (4th Cir. 2011). In this case, Defendant has not alleged that he is an officer of the United States or that he acted under an officer of the United States. Similarly, no other provision of § 1442 applies to this action because Defendant does not allege, for example, that he is an officer of a House of Congress or an officer of a United States court.

Removal pursuant to § 1442a may be performed when a defendant alleges that he is a member of the armed forces of the United States,[2] which Defendant in this case does not allege. 28 U.S.C. § 1442a. *See also Gedo*, 2009 WL 2848850 at *1.

Additionally, certain criminal prosecutions may be removed pursuant to § 1443, and the Supreme Court has explained that a two-part test is used to determine whether a case may be removed pursuant to § 1443(1). *Bald Head Ass'n*, 2010 WL 1904268 at *6. A defendant must allege that a right is being denied him which "'arises under a federal law that provides for specific civil rights stated in terms of racial equality....'" *Id.* (citation omitted). In this case, Defendant does not allege that his rights to *racial equality* have been violated by the March 20, 2011, incident. Thus, § 1443(1) is not applicable.

---

[2] In addition, a removing defendant has to satisfy other elements pursuant to § 1442a.

Moreover, Defendant does not allege that he acted "under color of authority," which is an element of § 1443(2).  *Id.*; *Connecticut*, 2009 WL 3248654 at *1.

Lastly, Defendant's attempt to allege claims pursuant to 42 U.S.C. § 1983, 1985, 1986, 1988, and other federal law violations including Federal Motor Carrier Safety Administration Violations, is misguided.  Defendant cannot bring civil counterclaims under 42 U.S.C. § 1983 or any other statute, as part of his criminal case.  *See Connecticut*, 2009 WL 3248654 at *2.  In fact, Defendant has a civil action pending in this Court which alleges violations of his constitutional rights apparently related to the same March 20, 2011, incident.  *See Guidetti v. County of Greenville*, C/A No. 6:11-1249-HMH-JDA (D.S.C.).  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

## Recommendation

It is recommended that the District Court summarily remand this action to state court pursuant to 28 U.S.C. § 1446(c)(4), based on lack of subject matter jurisdiction. **Defendant's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin
United States Magistrate Judge

December 20, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).